## JOSEPH HOWARD *v.* HENRY CAPRON.

Where, one ground for a new trial alleged in a petition was, that the petition-er had "believed, and supposed and was informed that he had fully and legally discharged himself as bail," and the fact was, that he had omitted fully to comply with the requirements of, the law: *Held,* That this was a mistake of law, and not of the character to entitle a party to a new trial, under the provisions of the statute.

THIS was a petition for a new trial of a writ of scire facias against the petitioner as bail. The grounds of the motion are sufficiently stated in the Court's opinion.

*E. M. Jenckes* for petitioner.

*Borden* for respondent, cited Dig. 1844, 151; *Alverson* v. *Alverson,* (2 R. I. 27.) *Pike* v. *Leonard,* (7 Miss, 22.) 7 Sm. & Mar, 276.

BOSWORTH, J. This case comes before the Court upon petition for new trial. Judgment was rendered against the plaintiff on a scire facias issued against him as bail for his son, Daniel T. Howard. The petitioner alleges that the judgment was rendered against him by mistake or accident, and claims a new trial under the statute. Judgment was rendered against him by default. The

mistake or accident alleged is,—" That having become bail for his said son, in an action brought at the December term of the Court of Common Pleas, in the year 1853, he had no further knowledge of the case until the month of June, 1854, when he was notified by Horace M. Pearce, then Deputy Sheriff, that as bail for his son Daniel, in the suit of Henry Capron against him, he would be liable to pay the debt due the said Capron if he should not deliver the said Daniel up to the Court or jail: that he did not then understand the said Horace M. Pearce that he was to do any thing more than surrender his said principal; and he did not understand the said Pearce to serve any writ upon him in favor of said Capron, by reason of his becoming his bail as aforesaid. In October, 1854, he did bring the said Daniel into this State, and did commit him to jail upon the copy of the writ in favor of said Capron, and did then believe, suppose and was informed that he had fully and legally discharged himself as bail in said case." The petition does not allege, that at the time of committing his principal, the petitioner gave notice to the plaintiff in the suit, or that he paid the cost as the statute requires.

The allegation in the petition that the petitioner did not know that the writ was served upon him, is negatived and disproved by the officer's return on the writ, by the testimony of Horace M. Pearce, the officer who served the process, and by that of William Holmes, Jr., who served the execution upon him. In this respect, therefore, there is no pretence of accident or mistake. It is evident from the testimony that he did know that the suit was pending against him; and his neglect to answer was not in consequence of accident or mistake in this respect.

Joseph Howard *v.* Henry Capron.

With regard to the other allegation, that "he believed, and supposed and was informed that he had fully and legally discharged himself as bail," without giving notice or paying the cost, as the law makes it necessary he should do, in order to a discharge, this is a mistake of law, and not of the character which entitles him to a new trial. It did not render the trial unfair or partial; on the contrary, the judgment upon the state of facts that existed, was such as it must have been upon the same state of facts if he had fully answered the case. If the petitioner had procured counsel to answer his case, he might have taken further steps, perhaps, and perfected his right to a discharge, pending the trial. But so he might, with due diligence, have done before. As well might a defendant, in an action upon a contract, ask for a new trial, on the ground of a mistake in not performing his contract, before judgment against him.

We see no evidence that the judgment in the case was rendered by accident, mistake or unforeseen cause, such, as will authorize the Court, according to the provisions of the statute, to grant a new trial.

*Petition dismissed.*